
FILED
2018 Aug-03 PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

MARIAN SNOW )
)
    Plaintiff, )
)
v. ) 7:17-cv-01961-LSC
)
GENERAL ELECTRIC COMPANY, )
DELL TECHNOLOGIES, DELL )
INC., DELL EMC, *ET. AL.*, )
)
    Defendants. )

### MEMORANDUM OF OPINION

Plaintiff **Marian Snow ("Plaintiff" or "Snow")** brought this action, *pro se*, against General Electric Company, Dell Technologies, Dell, Inc., and Dell EMC **under the Telephone Consumer Protection Act ("TCPA")** 47 U.S.C. § 227, and under Alabama Code § 6-11-20(4) for wrongful conversion of personal property. Before the Court are motions to dismiss by Defendant General Electric Company ("GE") (doc. 25) and Defendant Dell Technologies, Dell Inc., and Dell EMC ("the Dell defendants") (doc. 26) **(collectively "Defendants")**.[1] Snow has timely

---

[1] Plaintiff also names "Does 1-5" as defendants in this action. (Doc. 4 at 2.) However, "[a]s a general matter, fictitious-party pleading is not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.,* 114 F.3d

filed her opposition. The motions are fully briefed and ripe for review. For the reasons stated below, Defendants' motions to dismiss are due to be granted in part and denied in part.

I. BACKGROUND[2]

On March 29, 2014, while living in North Carolina ("NC"), Plaintiff purchased a cell phone provided by the service Tracfone. Soon afterward, she began to be bombarded with batches of text messages at all hours of the day. She asserts Defendants took the actions necessary to initiate communication with her through the use of her telephone number[3] by an automated telephone dialing system resulting in a barrage of unwanted text messages to her cell phone between

---

1092, 1094 n. 1 (11th Cir. 1997)). The Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.' *Id.* (quoting *Dean v. Barber,* 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Plaintiff's description of the Doe defendants contains no such specificity.

[2] At the motion to dismiss stage, the Court must accept the plaintiff's version of the facts as true, and construe "the reasonable inferences therefrom . . . in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). The following facts are, therefore, taken from Plaintiff's allegations contained in her amended complaint, and the Court makes no ruling on their veracity.

[3] According to Snow, her cell phone had a 919 area code. (Doc. 34 at 6.) The Court may take judicial notice that "919" is associated with North Carolina as a fact that is not subject to reasonable dispute. *See* FED. R. EVID. 201.

April 1, 2014 and January 15, 2015. Snow claims she received up to thirty-nine text messages within a single 24-hour period—which were often transmitted in batches at a rate of seven or more per minute. She estimates that a total of more than 2900 texts were sent to her phone during the relevant time period, none of which provided an opt-out mechanism or contact information to allow communication with the sender. According to Snow, the text messages were sent from GE, with technical support from Dell, because her phone number was previously assigned to an employee or device connected to GE. Some of the text messages purportedly included GE's web address "ge.com"; Snow therefore surmises that they were sent by GE. Snow claims Defendants' actions inflicted upon her: incessant disturbance and annoyance; persistent interruption of sleep; loss of time and financial resources; a commandeering of the data storage and battery life of her cell phone; in addition to fatigue, anguish, and suffering.

II. STANDARD OF REVIEW

In a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff generally "bears the burden of establishing a prima facie case of jurisdiction over the movant, non-resident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (citations omitted). "A prima facie case is

established if the plaintiff presents enough evidence to withstand a motion for directed verdict." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citations omitted). The Court must treat facts alleged in the complaint as true if they are not controverted by affidavits or non-conclusory declarations submitted from the defendant. *Id.* However, if the defendant submits affidavits or declarations, the plaintiff must produce additional evidence supporting jurisdiction unless the defendants' affidavits are only conclusory. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). When record evidence is in conflict, the Court must "construe all reasonable inferences in favor of the plaintiff." *Id.*

III. DISCUSSION

a. PERSONAL JURISDICTION[4]

---

[4] The Court addresses the jurisdictional issue first. A court without personal jurisdiction is powerless to take further action. *See Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962) ("It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss. In the absence of jurisdiction over the person of a defendant in an action *in personam*, the orders and judgments of the court are void."); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (Decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981 are binding on this Court).

The Dell defendants and GE—all non-Alabama corporations[5]—seek dismissal of the claims against them averring that the Court does not possess personal jurisdiction over them.[6] Where, as here, jurisdiction is predicated upon a federal question[7] arising under a statute that is "silent regarding service of process," Rule 4(e) requires a court to look to the state long-arm statute to determine the existence of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996) (citation omitted). In this case, the TCPA does not furnish directions as to service of process for private actions,[8] so

---

[5] Plaintiff alleges that Dell EMC is a Delaware corporation headquartered in Hopkinton, Massachusetts; while Dell Technologies, Inc. and Dell, Inc. are Delaware corporations headquartered in Round Rock, Texas. She also alleges that GE is a New York Corporation headquartered in Boston. (Doc. 4 at 2.)

[6] In her oppositions, Snow argues that both GE and the Dell defendants waived any challenge to personal jurisdiction or venue; however Rule 12(h) permits a defendant to raise personal jurisdiction and venue challenges at the time of its deadline to respond initially to the complaint, notwithstanding a prior appearance in the case. Fed. R. Civ. P. 12(h)(1)(B). GE and the Dell defendants did so; thus, there was no waiver.

[7] In her amended complaint, Plaintiff stated that jurisdiction was based upon 47 USC. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a). (Doc. 4 at 1.)

[8] "[F]or TCPA actions brought by State Attorneys General, or "an [other] official or agency designated by a State," 47 U.S.C.A. § 227(g)(1) (Supp. 2011), . . . Congress specifically addressed venue, service of process, § 227(g)(4), and potential conflicts between federal and state enforcement efforts, § 227(g)(7). No similar prescriptions appear in the section on private actions, 47 U.S.C. § 227(b)(3) . . . ." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 381 n. 11 (2012).

the Court looks to Alabama's long-arm statute in deciding whether personal jurisdiction is present.

Personal jurisdiction is generally a two-step inquiry, as the Court must consider whether personal jurisdiction is consistent with the forum state's long-arm statute and whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment. *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). However, for federal courts in Alabama "the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing Ala. R. Civ. P. 4.2(b)); *see also Ex Parte Edgetech I.G., Inc.*, 159 So. 3d 629, 633 (Ala. 2014). Thus, the Court need only consider the limits of the Due Process Clause. *Mut. Serv. Ins. Co.*, 358 F.3d at 1319.

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463

(1940)). There are two types of personal jurisdiction—general jurisdiction and specific jurisdiction—but both are based on the defendant's contacts with the forum state. "Specific personal jurisdiction is founded on a party's contacts with the forum state that are related to the cause of action. [Whereas,] [g]eneral personal jurisdiction arises from a party's contacts with the forum state that are unrelated to the litigation." *Madara v. Hall*, 916 F.2d 1510, 1516 n. 7 (11th Cir. 1990) (citations omitted). Defendants assert that the Court possesses neither general nor specific jurisdiction over them.

1) General Jurisdiction

In order for the Court to exercise general jurisdiction over the non-resident defendants Dell and GE, "their affiliations with [Alabama] [must be] so 'continuous and systematic' as to render [them] essentially at home in the State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home,' . . . are the corporation's place of incorporation and its principal place of business." *BN SF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 137). While the *Daimler* Court did not "foreclose the possibility that in an exceptional case, . . . a corporation's

operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such nature as to render the corporation at home in that State" such cases are rare. *Daimler*, 571 U.S. at 138 n. 19 (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447–448 (1952) in which a company's Philippine mining operations "were completely halted during the occupation . . . by the Japanese"; and the company's president, from his Ohio office, "supervised policies dealing with the rehabilitation of the corporation's properties in the Philippines and . . . dispatched funds to cover purchases of machinery for such rehabilitation" as such an exception). The contacts must be sufficient that suit is justified in the subject state even in the absence of related dealings. *See Int'l Shoe Co.*, 326 U.S. at 318. For example, a defendant with no place of business, employees, bank accounts, advertisements, or manufacturing facilities in North Carolina, but which had agreements with other companies' distribution centers to distribute its products in North Carolina was not subject to general personal jurisdiction there. *See Goodyear*, 564 U.S. at 929 ("[The defendant's] attenuated connections to the State fall far short of the 'continuous and systematic general business contacts' necessary to empower North Carolina to entertain suit

against [the defendant] on claims unrelated to anything that connects [it] to the State." (citations omitted)).

No mention is made in the amended complaint regarding GE's or the Dell Defendant's contacts with Alabama. Snow avers in her response to GE's motion to dismiss that GE conducts significant business within Alabama citing to and attaching exhibits from GE's website. The articles show that GE employs 450 fulltime manufacturing and professional jobs in Alabama, its economic presence contributed to more than $165 million in compensation in 2016, and it recently made a $200 million investment to build a new GE Aviation facility in Huntsville where it intends to employ 400 people.

> But, as [the Supreme Court] observed in *Daimler*, "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." *Id.*, [] 134 S. Ct., at 762, n. 20 (internal quotation marks and alterations omitted). Rather, the inquiry "calls for an appraisal of a corporation's activities in their entirety"; "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Ibid.*

*BNSF Ry. Co.*, 137 S. Ct. at 1559 (holding that a railroad with over 2000 employees and 2000 miles of track in the state of Montana was not subject to general jurisdiction there). Plaintiff has not shown how this case qualifies as exceptional. As

Page 9 of 19

Case 5:18-cv-00511-FL   Document 44   Filed 08/03/18   Page 9 of 19

such, the Court finds no basis upon which to exercise general jurisdiction over Defendants.[9]

2) Specific Jurisdiction

For the Court to exercise specific jurisdiction over Defendants, their "suit-related conduct must create a substantial connection with the forum state." *Sloss Indus. Corp. v. Eurisol*, 448 F.3d 922, 925 (11th Cir. 2007). "Where a forum seeks to assert specific personal jurisdiction over a nonresident defendant, due process requires the defendant have 'fair warning' that a particular activity may subject him to the jurisdiction of a foreign sovereign." *Madara*, 916 F.2d at 1516 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on "the relationship among the defendant, the forum, and the litigation." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Specific jurisdiction does not require a large volume of

---

[9] Though the Dell defendants do not base their argument against jurisdiction upon general jurisdiction, and Snow likewise, does not address general jurisdiction as against the Dell defendants it in her response, the Court finds nothing upon which to base an exercise of general jurisdiction over the Dell defendants. Snow has not alleged sufficient facts to establish that either GE or the Dell defendants are essentially at home in Alabama.

contacts with the forum state, as even a single purposeful contact may give rise to personal jurisdiction. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); *see also Licciardello v. Lovelady*, 544 F.3d 1280, 1285 (11th Cir. 2008) ("The Court has made clear . . . that '[s]o long as it creates a "substantial connection" with the forum, even a single act can support jurisdiction.'" (citing *Burger King*, 471 U.S. at 475 n.18)).

In her amended complaint, Snow failed to allege that any of the tortious behavior occurred in the Northern District of Alabama – or in Alabama at all. The only mention made regarding Alabama in Snow's amended complaint is her allegation that she currently resides here. Both Dell defendants and GE present evidence in the form of exhibits[10] to their motions to dismiss to show that Snow was domiciled in North Carolina during the events on which Plaintiff rests both her TCPA and conversion claim. Snow was engaged in at least four lawsuits,[11] which

---

[10] When ruling upon a Rule 12(b)(2) motion to dismiss, the Court is entitled to consider documents extrinsic to the complaint. *See, e.g., Sculptchair,* 94 F.3d at 627 ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.") (citations omitted).

[11] *Marian Snow v. Wells Fargo Bank, N.A., et al.*, No. 7:14-cv-2 (E.D.N.C.) (Doc. 25-1, 26-3); *Marian Snow v. CitiBank, N.A.*, No. 5:14-cv-59 (E.D.N.C.) (Doc. 25-4, 26-5); *Marian Snow v.*

were filed between January 2014 and August 2015 in the Eastern District of North Carolina. In each, she listed her address as being in NC.[12] The Court takes judicial notice[13] of these documents. Regardless of whether the information in the documents regarding her addresses is true, Snow included them in the filings of previous proceedings and attested to their truth under penalty of perjury.

As for the most recent NC case, in her affidavit (doc. 34), Snow avers she travelled back to the state to visit her son and family, where she filed the August 24,

---

*Brock & Scott PLLC, et al.*, Case No. 7:14-cv-28 (E.D.N.C.) (Doc. 25-7, 26-6); *Marian Snow v. Client Services, Inc.*, No. 5:15-cv-419 (E.D.N.C.) (Doc. 25-9, 26-7).

[12] Snow had also filed suit in NC in January 2014, *Snow v. Wells Fargo Bank, N.A., et al.*, No. 7:14-CV-2 (E.D.N.C.), in which she attached an affidavit testifying that her principal dwelling was in Top Sail Beach, NC. (Doc. 25-1 at 25.) In her affidavit submitted to this Court (doc. 34) in support of her oppositions, Snow testified that the Top Sail property was only a vacation rental property and she never stayed there longer than two weeks each year only visiting for sporadic weekends.(Doc. 34 at 2.) This inconsistency is revealing, and is not the only one the Court has found. Snow is estopped from "from changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001); *see also Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) ("Specifically, judicial estoppel is designed to 'prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous preceding.'" (citing 18 Moore's Federal Practice § 134.30 (3d ed. 2008))).

[13] Pursuant to Federal Rule of Evidence 201, "a district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Universal Express, Inc. v. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (noting that courts may take judicial notice of a complaint filed in another court because it qualifies as a public record) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999)); *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 Fed. App'x 812, 816 n. 5 (11th Cir. 2014) (same); *see also* Fed. R. Evid. 201.

2015 lawsuit in the Eastern District of North Carolina. She alleges that she listed a NC address because she had **resided in NC "at all relevant times"** because the case involved actions occurring between September 2012 and January 2013 during which she was in NC. **She used her son's address in Wilson, NC as the local** mailing address and contact when filing.

In addition, Snow filed an unlawful detainer case in Tuscaloosa district court on January 5, 2015—five months after she is purported to have exited NC—listing her address as being in Wilson, NC. (Doc. 25-11.) When Snow voluntarily dismissed that case on March 9, 2015—almost seven months after she alleges she had stopped receiving the text messages—she continued to list Wilson, NC as her address in court filings. (Doc. 25-12.) It was not until August 22, 2016 when Snow filed another unlawful detainer action that she listed her address as being in Tuscaloosa, Alabama. (Doc. 25-13.)

In her affidavit, Snow testifies that in 2009 she went to NC to allow her autistic son to attend high school there, which also allowed for her to be near her eldest son and his family who reside in Wilson, NC. She lived at various NC **addresses but insists she never resided at her son's home address at Timberlake Drive in Wilson, NC.** Snow was in NC during much of the time when she began

Page 13 of 19

Case 5:18-cv-00511-FL   Document 44   Filed 08/03/18   Page 13 of 19

receiving the text messages, but alleges she only remained there until August 2014. She calculates that time period to be a minority (40%) of the total time the messages were sent—stating that at no time after August 2014 was she located in NC when she received the text messages. Tellingly, Snow does not allege where she was when she received the other 60% of the texts. Snow says she moved **"her furniture and belongings"** out of NC after her lease in Zebulon, NC expired at the end of July 2014 and t**hereupon, she "subsequently" moved to be with her aging mother** in Tuscaloosa County, Alabama. Snow insists that at that time Tuscaloosa was her domicile, residence and the place she intended to remain; but the affidavit is vague and gives the Court no definitive date upon which her domicile in Alabama began.

Snow asserts in her oppositions that **she** "and her cellular telephone were indeed in Alabama when a substantial portion of [the] tortious conduct was **perpetrated."** (Doc. 33 at 29.) However, in neither her amended complaint nor her affidavit does Snow ever affirmatively aver that she received even a single text message while she was in Alabama. **Snow's affidavit fails to substantiate the** conclusory jurisdictional arguments she makes in her responses. Furthermore,

Page 14 of 19

Case 5:18-cv-00511-FL   Document 44   Filed 08/03/18   Page 14 of 19

Snow's telephone number has a NC area code,[14] and nothing in the amended complaint or her affidavit suggests she ever apprised Defendants of her alleged presence in Alabama. Consequently, no Defendant can be said to have targeted Alabama. Even crediting the affidavit and considering the facts as alleged in the amended complaint in a light most favorable to Snow, the Court does not find it possesses specific jurisdiction over either GE or the Dell defendants.

Because the Court has found no contacts sufficient to subject either the Dell defendants or GE to personal jurisdiction in Alabama, the Court need not evaluate whether jurisdiction over them would be fair. *See Hanson v. Denckla*, 357 U.S. 235, 254 (1958); *see also World-Wide Volkswagen Corp.*, 444 U.S. at 294 ("Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient

---

[14] "[M]ultiple courts have found calls or text messages to a phone number affiliated with a particular state that violate the TCPA sufficient to satisfy the [purposeful direction] test for a court of that state to exercise personal jurisdiction over the defendant." *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1370 (S.D. Fla. 2016) (collecting cases); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) ("When [the defendant] intentionally sent unsolicited text messages advertising [itself] to California cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity to California such that [the defendant] is reasonably subject to the personal jurisdiction of [the court].").

location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment."). The exertion of personal jurisdiction over the Dell defendants and GE does not comport with due process and, as such, Defendants cannot be made to defend this action in Alabama.

    b. VENUE

In federal court, venue is proper in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391 (b). A corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). As discussed above, neither the Dell defendants nor GE are subject to this court's personal jurisdiction. The events giving rise to Snow's claims as alleged in the

amended complaint did not occur in Alabama and no defendant resides in Alabama. As such, venue is improper in this district.

### c. Transfer of Claims or Amendment

In her responses in opposition, Snow requests that if the Defendants are not subject to jurisdiction in Alabama, which they are not, that in the alternative, the Court either allow her to amend her complaint to state claims, or that the Court transfer the case to the proper district in lieu of dismissal pursuant to 29 U.S.C. § 1404(a).[15] Pursuant to 28 U.S.C. § 1631, if the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." In its reply, GE establishes that if Snow makes a request to transfer pursuant to 28 U.S.C. § 1406(a),[16] it would not object to transfer to the Eastern District of North Carolina. (Doc. 36 at 9.) The Dell

---

[15] 29 U.S.C. § 1404 concerns alternative methods of withdrawal liability payments. The Court assumes Snow intended to cite 28 U.S.C. § 1404 which sets forth procedures for changes of venue and transfers.

[16] "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

defendants do not address Snow's request for transfer. Pursuant to 28 USC. § 1658(a), the statute of limitations for violations of 47 U.S.C. § 227 is four years after the cause of action accrues. Snow's claims accrued in 2014, as such, the Court finds it would be in the interest of justice to transfer her claims instead of dismissing them.

C. CONCLUSION[17]

For the reasons stated above, Defendants' motions (docs. 25 & 26) are due to be granted in part and denied in part. The Court finds that neither GE nor the Dell defendants can be made to defend this case in Alabama and the Northern District of Alabama is not the proper venue for this action. The case is therefore due to be transferred to the Eastern District of North Carolina. Thus, Snow is DIRECTED to file a motion to transfer this action pursuant to 28 U.S.C. § 1406(a) within fifteen (15) days of the entry of this Memorandum of Opinion. If Snow does not file such a motion to transfer within the time period stated, the Court will

---

[17] Because the Court has concluded it lacks jurisdiction over the Defendants, it does not reach the merits of Snow's TCPA or conversion claims. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1329 (11th Cir. 2016) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868))).

DISMISS this action without prejudice. A separate Order will be entered with this Opinion.

DONE and ORDERED on August 3, 2018.

_____
L. Scott Coogler
United States District Judge

190685