| | |
|---|---|
| MARIAN SNOW, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:18-CV-511-FL |
| ) | |
| v. ) | |
| ) | |
| GENERAL ELECTRIC COMPANY, ) | |
| DELL TECHNOLOGIES, DELL, ) | |
| INC., and DELL EMC, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS DELL TECHNOLOGIES, DELL INC., AND DELL EMC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

Neither Plaintiff's First Amended Complaint ("Complaint" or "FAC") nor her 30-page Opposition to the Dell Defendants' Motion to Dismiss ("Opposition") provides any facts supporting Plaintiff's conclusory allegation that the Dell Defendants were involved in any way in the sending, making, or generating of the text messages at issue in this lawsuit. Instead, Plaintiff concedes in her response that she is not aware of any such facts and that she named the Dell Defendants in this lawsuit only so that she can obtain discovery in hopes of eliciting evidence of their involvement. This is precisely the type of fishing expedition that the pleading requirements of the Federal Rules of Civil Procedure are designed to prevent. Plaintiff cannot rely on her hope that discovery will retroactively demonstrate that she has stated a plausible claim—the Court is tasked with ensuring that only plausible theories of liability can proceed into the costly and time-consuming process of discovery. Additionally, Plaintiff has not adequately alleged that an ATDS was used to send the text messages, and her Opposition fails to demonstrate that the mere sending

of text messages constitutes conversion under North Carolina law. Thus, Plaintiff's claims against the Dell Defendants should be dismissed for failure to state a claim under the TCPA and for conversion.

## I. Plaintiff Has Failed to State a TCPA Claim Against the Dell Defendants.

Plaintiff's Opposition fails to save her TCPA claim. As an initial matter, Plaintiff's argument is based on new facts not asserted in the Complaint. Plaintiff relies on her declaration, Dkt. No. 34, to support her claims, but the declaration is not incorporated into the operative Complaint. Plaintiff's assertion of new facts is improper as "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Even assuming that Plaintiff's extraneous factual allegations could be considered in resolving a motion to dismiss, Plaintiff nonetheless fails to demonstrate that the Dell Defendants "initiated" or "sent" the text messages. The declaration only identified an alleged exchange she had with GE, but does not add any facts relevant to her claims against the Dell Defendants.

### A. Plaintiff Does Not Adequately Allege That Dell Sent Her Any Messages.

Plaintiff must plausibly identify the Dell Defendants as the maker of the text messages to state a TCPA claim against them. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ("The plain language of the TCPA assigns civil liability to the party who 'makes' a call."). Courts routinely dismiss TCPA claims that fail to adequately identify the defendant as the sender. *Schwanke v. JB Med. Mgmt. Sols., Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *4 (M.D. Fla. Jan. 9, 2017) (dismissing TCPA allegations for failure to state a claim where complaint failed to differentiate between the conduct of each defendant and thus lacked factual specificity for defendants to know what they were accused of doing that made them liable for the fax); *SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*, No.

2:17-cv-24-FtM-38CM, 2017 WL 3149360, at *3 (M.D. Fla. July 25, 2017). Plaintiff's Opposition only confirms that she has failed to adequately allege that the Dell Defendants sent or initiated the text messages at issue.

Plaintiff admits that she has no facts to support an allegation that the Dell Defendants sent the text messages. Instead, she states that she needs discovery to determine whether Dell was "involved with"[1] sending the text messages. A plaintiff cannot simply sue indiscriminately in federal court and hope that discovery will reveal the existence of a claim. *Rohde v. Bank of Am., N.A.*, No. 1:12-cv-03059-SCJ, 2014 WL 11485915, at *4 (N.D. Ga. May 30, 2014), *aff'd,* 591 F. App'x 932 (11th Cir. 2015) ("to survive a motion to dismiss, Plaintiff cannot simply allege that he 'expects' facts supporting his allegations will be revealed through discovery").

In fact, Plaintiff expressly reveals the speculative nature of her allegations in her Opposition:

- "Discovery will reveal the extent of Dell's involvement, *if any*, as related to Dell's hands-on control, benefit derived-from, or connection-to Dell and to the Dell elements of the Intrusive Texts." Dkt. No. 76 at 11 (emphasis added).

- "But, without discovery, neither Snow, nor the Court, can know if Dell was no more than an 'application developer' and not actively operating its facilities to 'store, manage, protect – information' to the benefit of GE, per its press release." Dkt. No. 76 at 13.

- "Discovery will determine the extent" to which GE, EMC or both "were responsible for sending the Intrusive Texts." Dkt. No. 76 at 13.

---

[1] Moreover, mere "involve[ment] with" the transmission of a text message is insufficient to create liability under the TCPA. Thus, Plaintiff cannot state a TCPA claim simply by contending that the Dell Defendants were vicariously liable, "involved with" sending the messages, or created the technology to send the messages. *See Fields v. Mobile Messengers Am., Inc.*, No. C 12-05160 WHA, 2013 WL 6774076, at *2 (N.D. Cal. Dec. 23, 2013) ("The FCC has interpreted the TCPA to exempt entities that 'simply provide transmission facilities'"); *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 981 (D. Minn. 2015) (finding that an inmates who dial calls are the "maker" and not the automated connecting service); *Donaca v. Dish Network, LLC.*, 303 F.R.D. 390, 394 (D. Colo. 2014) (holding that third parties who "merely have some role" in placing a call are not liable under the TCPA).

As the Supreme Court has repeatedly emphasized, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Houey v. Carolina First Bank*, 890 F. Supp. 2d 611, 618 (W.D.N.C. 2012) (finding that "even a pro se complaint must contain enough factual allegations to state a claim to relief that is plausible, not merely speculative.") (citation omitted). Plaintiff's allegations are purely speculative and simply do not meet the plausibility standard required to state a claim under the Federal Rules of Civil Procedure. Her TCPA claim should be dismissed as to the Dell Defendants.

**B. Plaintiff Does Not Adequately Allege That Dell Used an ATDS.**

To state a claim for violation of the TCPA, Plaintiff must allege that the texts at issue were sent using an ATDS. Plaintiff cites two decisions from this Court that pre-date *ACA Int'l*[2] to support her argument that Dell used an ATDS, but neither helps her case. In *Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 U.S. Dist. LEXIS 32579, (E.D.N.C. Mar. 17, 2015), the Court actually dismissed the plaintiff's TCPA claim because the plaintiff failed to provide sufficient facts to support his contention that the defendant called him using an ATDS. In *Cartrette v. Time Warner Cable, Inc.*, 157 F. Supp. 3d 448 (E.D.N.C. 2016), the Court expressly relied upon now-vacated FCC guidance, and thus, the Court's analysis in *Cartrette* has no precedential value. *Id*. at 455-56.

Plaintiff also cites *Swaney v. Regions Bank*, No. 2:13-cv-00544-JHE, 2018 U.S. Dist. LEXIS 85217 (N.D. Ala. May 22, 2018), and asks the Court to "give particular attention to *Swaney*" because "a large portion of the events giving rise to these claims occurred in the Northern District of Alabama." Dkt. No. 76 at 15. Of course, the Northern District of Alabama has already

---

[2] As discussed in the Dell Defendants' Motion to Dismiss, the D.C. Circuit in *ACA Int'l v. Fed. Commc's Comm'n*, 885 F.3d 687, 696 (D.C. Cir. 2018) overruled the FCC's prior interpretation of the TCPA's ATDS definition.

held in this case that there was no conduct targeted to Alabama and that Plaintiff attested under penalty of perjury that she resided in North Carolina during the time period in which she allegedly received the texts at issue. Dkt. No. 44 at 11.  Moreover, the *Swaney* decision is simply wrong, and this Court has no obligation to follow *Swaney*'s flawed reasoning.  Every circuit Court to analyze the post-*ACA* landscape has either explicitly or implicitly held that *ACA Int'l* vacated all FCC guidance on this issue.  *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), *King v. Time Warner Cable Inc.*, 894 F.3d 473 (2d Cir. 2018), *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018).  Thus, courts must look to the language of the statute itself in determining what constitutes an ATDS.

A plain text reading of the TCPA makes clear that an ATDS must actually generate random or sequential numbers to fall within the reach of the TCPA.  The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Thus, an ATDS must have the capacity to do two things: (1) generate numbers randomly or sequentially; and (2) dial those randomly or sequentially generated numbers.

Plaintiff relies on *Marks v. Crunch San Diego* for a different reading of the statute.  But the court in *Marks* failed to interpret the TCPA as written.  Instead, the court adopted an interpretation of the ATDS definition that is unreasonably expansive and inconsistent with the plain language of the statute. The Ninth Circuit read the phrase "using a random or sequential number generator" out of the statutory definition by concluding that "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Marks*, 904 F.3d at 1052.  The Ninth Circuit declared the statute to be "ambiguous

on its face"—without identifying the ambiguity—and rewrote the ATDS definition in a way that is patently inconsistent with the plain text. *Id*. at 1051.

In the months since the *Marks* decision, multiple courts have rejected its reasoning. *See Johnson v. Yahoo!, Inc.*, No. 14 CV 2028, 2018 U.S. Dist. LEXIS 207950, *6 (N.D. Ill. Nov. 29, 2018) (noting that "[s]ome courts think the statutory language is ambiguous enough to include a device that dials numbers from a stored list (without random or sequential number generation) . . . But I read the statute differently, and it is not ambiguous."); *Roark v. Credit One Bank, N.A.*, No. 16-173 (PAM/ECW), 2018 U.S. Dist. LEXIS 193252, at *7-8 (D. Minn. Nov. 13, 2018) (finding "the decisions of the D.C., Second, and Third Circuits more persuasive" than *Marks*); *Thompson-Harbach v. USAA Fed. Sav. Bank*, No. 15-CV-2098-CJW-KEM, 2019 U.S. Dist. LEXIS 3687, at *40 (N.D. Iowa Jan. 9, 2019) (finding "the *Marks* court's decision erroneous as a matter of statutory construction.").

Likewise, Plaintiff's analysis of the TCPA is not sound. Plaintiff argues that a system "need not *produce* numbers if it has the capacity to *store* numbers, as these requirements are expressed in the alternative." Dkt. No. 76 at 22. Plaintiff further contends that "to argue that the statute requires a device to store numbers using a random or sequential number generator would not only be illogical, but also irreconcilable." *Id.* at 23. But that is exactly what the statute demands. It would require a rewriting of the statute if "storage" is the only function necessary to constitute an ATDS, as the rest of the language would be superfluous. Plaintiff cannot square her proposed definition with *ACA Int'l* and the canons of statutory interpretation.

As one court recently held, "the phrase 'using a random or sequential number generator' necessarily conveys that an ATDS must have the capacity to generate telephone phone numbers, either randomly or sequentially, and then to dial those numbers." *Pinkus v. Sirius XM Radio, Inc.*,

319 F. Supp. 3d 927, 938 (N.D. Ill. 2018). To read the statute otherwise produces a nonsensical result. In the ATDS definition, the phrase "using a random or sequential number generator" modifies the phrase "telephone numbers to be called," which is the object of the transitive verbs "store" and "produce." This is necessarily so because if the phrase "telephone numbers to be called" is read as the object of only "produce," then the transitive verb "store" has no object. That would leave an incomplete thought: to store what? The statute only makes sense if equipment must use a random or sequential number generator to either store telephone numbers or produce telephone numbers.

Plaintiff's allegations confirm that the equipment at issue is decidedly not an ATDS. The Complaint alleges that the text messages were targeted to a specific number rather than random or sequential numbers. FAC ¶ 47. And despite Plaintiff's repeated acknowledgements that she needs discovery to determine what this case is about and whether any of the Defendants could possibly be liable, Plaintiff's Complaint candidly concedes that the messages were intended for a specific person, alleging that she was the recipient of communications "intended for the prior owner or holder of her reassigned number." FAC ¶ 49. Simply, Plaintiff has alleged no facts from which the Court could conclude that the equipment used to send the texts was capable of generating and dialing random or sequential numbers.

A complaint should be dismissed when it fails to state that the equipment used to send the text messages has the capacity to generate random or sequential numbers. *See Danehy*, 2015 U.S. Dist. LEXIS 32579, at *22-23 (dismissing TCPA claim for failure to allege facts sufficient to show that defendant used an ATDS). Here, the Complaint contains no plausible allegation that the device sending the text messages was an ATDS, as Plaintiff admits that these text messages were specifically targeted to the prior owner of her phone.

7
Case 5:18-cv-00511-FL   Document 79   Filed 02/07/19   Page 7 of 11

## II. Plaintiff Has Failed to State a Claim For Conversion.

Similarly, Plaintiff's First Amended Complaint fails to state a claim for conversion, and her arguments that the Dell Defendants possessed her property are unavailing. Plaintiff purports to bring this claim under Alabama law, but Judge Coogler has already determined that there is no connection between the facts in the Complaint and the state of Alabama. Dkt. No. 46. Thus, North Carolina law applies to Plaintiff's conversion claim. Under North Carolina law, "only tangible property is subject to conversion." *TSC Research, LLC v. Bayer Chems. Corp.*, 552 F. Supp. 2d 534, 542-43 (M.D.N.C. 2007). There are no allegations in the Complaint that the Dell Defendants physically took Plaintiff's cell phone, so her claim for conversion is inappropriate. And Plaintiff does not even attempt to argue that her claim satisfies the elements of North Carolina's conversion law. Accordingly, her conversion claim should be dismissed.

Moreover, courts have dismissed conversion claims that overlap with TCPA claims because the statutory recovery under the TCPA provides an adequate remedy for the unsolicited phone calls or text messages. *Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 908–09 (N.D. Ill. 2016). This claim should therefore be dismissed.

## III. Conclusion

This Court should dismiss Plaintiff's First Amended Complaint in its entirety because Plaintiff cannot state a claim against the Dell Defendants or any Defendant.

Dated: February 7, 2019

Respectfully submitted,

*/s/ Derin Dickerson*

Derin B. Dickerson
Cassandra K. Johnson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
derin.dickerson@alston.com
cassie.johnson@alston.com

Ryan Ethridge
ALSTON & BIRD LLP
555 Fayetteville Street, Suite 600
Raleigh, NC 27601
Phone: (919) 862-2245
ryan.ethridge@alston.com

*Counsel for Dell Defendants*

# **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.2(f)**

I hereby certify that the Dell Defendants' motion to dismiss complies with the page and word count requirement under Local Rule 7.2(f).

> */s/ Derin B. Dickerson*
> Derin B. Dickerson
> Cassandra K. Johnson
> ALSTON & BIRD LLP
> 1201 West Peachtree Street
> Atlanta, GA 30309
> Phone: (404) 881-7000
> Fax: (404) 881-7777
> derin.dickerson@alston.com
> cassie.johnson@alston.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record and the Plaintiff.

*/s/ Derin B. Dickerson*
Derin B. Dickerson
Cassandra K. Johnson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
derin.dickerson@alston.com
cassie.johnson@alston.com